UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HARLEYSVILLE WORCESTER INSURANCE COMPANY,<br>    Plaintiff,<br><br>v.<br><br>JAMES A. HEALY, et al.,<br>    Defendants. | C. A. No. 13-cv-606-M |

## ORDER

James A. Helay, Kecia J. Courtemanche, Christopher T. Mortin, Jr., David Ruggieri, and Barbra Ruggieri (collectively, "Defendants") have filed Motions to Dismiss (ECF Nos. 20, 21, 22) this declaratory judgment action brought against them by Plaintiff, Harleysville Worcester Insurance Company. Defendants aver that the case is not ripe for adjudication; that the action is premature; and that the action does not present an immediate case or controversy, eliminating the Court's constitutional subject matter jurisdiction.

Three of the Defendants were victims of a terrible automobile collision in which two people died and others were seriously injured. They filed claims against the driver of the vehicles, including Patrick Gronhagens and his father, the car's owner. The Gronhagens had an automobile policy, an umbrella policy, and a homeowner's policy with Plaintiff, Harleysville Worcester Insurance Company. Harleysville tendered the policy limits of both the automobile and umbrella policies to the victims of the collision. The release that the parties executed included a provision that would protect any future possible claims the victims might have against

the Gronhagens' homeowners' insurance policy.[1] (ECF No. 23-5 at 3.) The parties agreed they would have until February 19, 2015 to conduct their investigation and file an action under the homeowner's policy. (*Id.*)

Harleysville has filed this declaratory judgment action asking the Court to declare it has no obligation under the homeowner's policy. The Defendants claim the case is not ripe for adjudication at this time, and, therefore, should be dismissed.

To determine whether a dispute is ripe for judicial determination, courts evaluate the "fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbot Laboratories v. Gardner*, 387 U.S. 136, 149 (1967) (abrogated on other grounds). The party invoking the court's jurisdiction must satisfy both prongs of the ripeness analysis. *McInnis-Misenor v. Maine Medical Center*, 319 F.3d 63, 69-70 (1st Cir. 2003). The fitness inquiry is essential to protecting the court from issuing advisory and/or premature opinions. *Operation Clean Gov't v. R.I. Ethics Comm'n*, 315 F. Supp. 2d 187, 195 (D.R.I. 2004). "[T]he critical question concerning fitness for review is whether the claim involves uncertain and contingent events that may not occur as anticipated or may not occur at all." *Ernest & Young v. Depositors Economic Protection Corp*, 45 F.3d 530, 536 (1st Cir. 1995) (quoting *Massachusetts Ass'n of Afro-American Police, Inc. v. Boston Police Dep't*, 973 F.2d 18, 20 (1st Cir. 1992)). The fitness requirement also underscores the courts collective wisdom that "issuing opinions based upon speculative facts or a hypothetical record is an aleatory business, at best difficult and often impossible." *Ernest & Young*, 45 F.3d at 536.

---

[1] It appears that the victims want to investigate the possibility of a claim that may arise from an allegation that the homeowner's son hosted a party involving alcohol at their home before the collision. (ECF No. 23-4 at 2.)

This case is simply not ripe for adjudication at this time. It would require this Court to issue a speculative decision based on a contingent event, to wit, that the victims' investigation leads to a claim being asserted against the homeowner's policy. The victims of the collision have yet to assert a claim under the homeowner's policy; they have only asserted their right to investigate a potential claim. There is no claim asserted; therefore, this matter is not ripe for adjudication.

Furthermore, Harleysville cannot satisfy the second prong of the *Abbott Labs* test – hardship if the Court did not act at this time. There is nothing for Harleysville to defend, and Harleysville will not incur any expenses while the victims conduct their investigation and research. Therefore, there is no "hardship" to Harleysville that weighs in favor of this Court acting on this matter at this time. Granting relief to Harleysville at this time would not serve a useful purpose when there are, at best, only potential contingent claims that the victims may or may not assert.

The Defendants' Motions to Dismiss (ECF No. 20, 21 and 22) are GRANTED.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.
_____
John J. McConnell, Jr.
United States District Judge

March 14, 2014